Octavio Cardona-Loya II, Esq. SBN 255309
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200-B
Chula Vista, CA  91910
vito@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAROLINA LORA, an individual, | ) Civil No.: |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES** |
| | ) **AND DEMAND FOR JURY** |
| v. | ) **TRIAL** |
| | ) |
| UNIFIED PORTFOLIO SERVICING, LLC, | ) |
| a limited liability company; and DOES 1 | ) |
| through 10, inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for violations of the Federal Fair Debt Collections Practices Act and California Rosenthal Act which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices and for invasion of privacy.

////

////

////

1
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## II. VENUE & PARTIES

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

3. Plaintiff KAROLINA LORA is a natural person residing in Fresno County, CA.

4. Defendant UNIFIED PORTFOLIO SERVICING, LLC ("UPS") is a limited liability company doing business of collecting debts in California with its principal place of business at 3435 Harlem Road, Suite 11-12, Cheektowaga, NY 14225.

5. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

7. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

8. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

9. The purported debt which Defendants attempted to collect from Plaintiff is a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

10. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the

true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

### III. FACTUAL BACKGROUND

11. In or around February 2013, Defendant UPS began a campaign of collection calls directed to third parties regarding an alleged debt owed by Plaintiff (the "debt").

12. Defendant UPS contacted Plaintiff's sister and Plaintiff's sister's husband's parents.

13. Defendant UPS falsely stated that Plaintiff had provided their information to the creditor as character references.

14. Defendant UPS' calls were not made to locate Plaintiff.

15. Defendant UPS informed Plaintiff's sister's husband's parents about Plaintiff allegedly owing the debt in addition to other personal information.

16. Defendant UPS' representatives falsely told Plaintiff's sister that Plaintiff had taken out a loan in her sister's name and that Plaintiff was going to jail.

17. Defendant UPS' representatives told Plaintiff's sister and Plaintiff's parents that Plaintiff was going to be arrested.

18. Plaintiff at no time received correspondence or communication from Defendant UPS.

19. As a result of Defendant UPS' conduct, Plaintiff suffered from severe emotional distress, fear, worry, embarrassment, humiliation, crying, and humiliation.

### IV.  FIRST CLAIM FOR RELIEF
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

////

21. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) The Defendants violated 15 U.S.C. § 1692b(1) by contacting a person other than the Plaintiff and failing to identify him/herself, and/or failing to state that he/she is confirming or correcting location information concerning the Plaintiff ;

    (b) The Defendants violated 15 U.S.C. § 1692b(2) by communicating with persons other than the Plaintiff and stating that the Plaintiff owes debt;

    (c) The Defendants violated 15 U.S.C. § 1692c(b) by communicating with a third person in connection with the collection of a debt;

    (d) The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt;

    (e) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    (f) The Defendants violated 15 U.S.C. § 1692e(4) by giving the impression that nonpayment of a debt will result in the arrest or imprisonment of a person and/or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action;

    (g) The Defendants violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken or that was not intended to be taken;

    (h) The Defendants violated 15 U.S.C. § 1692e(7) by giving the false impression that the consumer committed a crime or other conduct in order to disgrace the consumer;

////

////

    (i)    The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer; and

    (j)    The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt.

22. As a result of the above violations of the Fair Debt Collection Practices Act, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## V.  SECOND CLAIM FOR RELIEF
## VIOLATION OF ROSENTHAL ACT, CIV. CODE §1788 *et seq.*

23.  Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

24. Defendants violated the Rosenthal Act, by including but not limited to, the following:

    (a)    The Defendants violated California Civil Code §1788.10(b) by threatening that the failure to pay a consumer debt will result in an accusation that the Plaintiff has committed a crime where such accusation, if made, would be false;

    (b)    The Defendants violated California Civil Code §1788.10(c) by communicating or threatening to communicate to any person the fact that the Plaintiff has engaged in conduct, other than the failure to pay a consumer debt, which the Defendant knows or has reason to believe will defame the Plaintiff;

    (c)    The Defendants violated California Civil Code §1788.10(e) by threatening any person that nonpayment of the consumer debt may result in the arrest of the debtor or the seizure, garnishment, or sale of any property or the garnishment or attachment of wages of the debtor, unless

such action is in fact contemplated by the debt collector and permitted by the law;

    (d)    The Defendants violated California Civil Code §1788.10(f) by threatening to take action against the Plaintiff which is prohibited by this title;

    (e)    The Defendants violated California Civil Code §1788.12(b) by communicating information regarding a consumer debt to a member of the Plaintiff's family; and

    (f)    The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above.

25.  Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

26.  As a proximate result of Defendants' violations enumerated above, Plaintiff was damaged in amounts which are subject to proof.

27.  Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

## VI.  THIRD CLAIM FOR RELIEF
## INVASION OF PRIVACY

28.  Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

29.  Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and private concerns and affairs.

30.  Defendant willfully and intentionally intruded into Plaintiff's solitude, seclusion and private affairs by repeatedly and unlawfully attempting to collect a debt.

31.  Defendant intrusions would be highly offensive to a reasonable person and did in fact offend Plaintiff.

////

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

32. As a result of such invasions of privacy, Plaintiff was harmed and caused great mental and physical pain.

33. Defendant acted with oppression, fraud or malice, and Defendants are therefore liable to Plaintiff for damages in an amount to be proven at trial, and for punitive damages.

## VII. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests the following relief:

A. Actual damages to the Plaintiff in amounts to be proven at trial;

B. Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a);

C. Punitive Damages in amounts to be determined by a jury;

D. Award Plaintiff the costs of this action, including attorneys' fees and costs pursuant to 15 U.S.C. §1692k and California Civil Code §§1788.30(b) & (c); and

E. Grant Plaintiff such other and further relief as this Court finds necessary and proper.

DATED:  March 1, 2013          /s/Octavio Cardona-Loya II
                               Octavio Cardona-Loya II,
                               Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

DATED:  March 1, 2013          /s/Octavio Cardona-Loya II
                               Octavio Cardona-Loya II,
                               Attorney for Plaintiff